# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23357-WILLIAMS/TORRES

MERCINA SOUFFRANT,
As Personal Representative of
The ESTATE OF HENOLD SOUFFRANT,

      Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC., *et al.*,

      Defendants.
_____/

## ORDER ON MOTION TO SET ASIDE CLERK'S DEFAULT
## AS TO TOYOTA TECHNICAL CENTER, USA

This matter is before the Court on Toyota Motor Engineering and Manufacturing North America, Inc.'s ("TEMA"), Toyota Motor North America, Inc.'s ("TMNA") (collectively, "Defendants") motion to set aside the clerk's default against Toyota Technical Center, USA. [D.E. 20].[1] Mercina Souffrant ("Plaintiff") responded to Defendants' motion on November 30, 2017 [D.E. 23] to which Defendants replied on December 7, 2017. [D.E. 25]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and the reasons discussed below, Defendants' motion is **GRANTED**.

---

[1] On December 18, 2017, the Honorable Kathleen Williams referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 26].

## I.     ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Following a clerk's entry of default, a party must then petition the court for a default judgment. *Id.* at (b)(1). A default may, however, be set aside for "good cause." *Id.* at (c). "'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether a party demonstrates good cause to set aside a default, courts consider the following factors: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether there is a threat of significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id.* "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir. 1992).

Defendants argue that the clerk's entry of default – entered on November 14, 2017 [D.E. 17] against Toyota Technical Center, USA ("TTC") – is improper because (1) TTC is undeniably an unincorporated division of TEMA and cannot be sued as a matter of law, (2) a default judgment cannot be entered against a non-legal entity, and (3) even if the Court considered TTC an independent entity, the Court lacks

personal jurisdiction over TTC because of insufficient service of process. *See, e.g.*, *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1216 (S.D. Fla. 2015) ("A corporate division is not a separate legal entity that is capable of being sued.") (citing *In re Checking Account Overdraft Litig.*, 883 F. Supp. 2d 1244, 1249–50 (S.D. Fla. 2012) (dismissing unincorporated division as improper entity to be sued); *see also W. Beef, Inc. v. Compton Inv. Co.*, 611 F.2d 587, 591 (5th Cir. 1980)). Finally, Defendants conclude that – even if all three of the aforementioned arguments are unpersuasive – the clerk's default should be vacated because Defendants have demonstrated good cause in acting swiftly and with due diligence.

Plaintiff opposes Defendants' motion because Defendants rely on self-serving arguments that TTC is not a legal entity that can be sued. Plaintiff believes that TTC had a duty to file a motion to dismiss or an answer to the complaint, and supplement the record with evidence that it cannot be held liable for its alleged wrongdoing. Plaintiff also argues that the Court has personal jurisdiction over TTC and – even if it did not – TTC has allegedly waived its personal jurisdiction defense by failing to advance this argument in a motion to dismiss. Furthermore, Plaintiff believes that there is no good cause to set aside the clerk's default because TTC willfully refused to respond to Plaintiff's complaint. Because there was no confusion, mistake, or unintentional oversight to blame on the lack of a response from TTC, Plaintiff concludes that all pertinent factors support a finding that there is no good cause to set aside the clerk's default.

After full consideration of the arguments presented, Defendants have demonstrated good cause to set aside the clerk's entry of default. First, there is no evidence in the record that TTC's failure to respond to Plaintiff's complaint was a result of any willful or reckless behavior. Second, vacating the clerk's default would not prejudice Plaintiff because this case remains in its infancy.[2] [D.E. 1] Third, Defendants raise several persuasive arguments to suggest (1) that TTC is merely a subdivision of Toyota, (2) that service of process was not properly effectuated, and (3) that an entry of default is impermissible given the relationship of TTC with its parent company.

Additionally, Defendants acted promptly to set aside the clerk's default when they filed their motion seven days later. When coupling the weight of the aforementioned factors with the facts of this case, "courts generally have found it appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases may be decided on their merits." *Singh v. Hopkins Meat Packing, Inc.,* 2008 WL 4922071, at *2 (M.D. Fla. Nov. 13, 2008) (citation omitted). In other words, default judgments are generally viewed with disfavor "because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 783 (11th Cir. 1993). Given this policy, the lack of any demonstrable prejudice to Plaintiff, and the meritorious arguments raised with respect to TTC, we find good cause to set aside the clerk's entry of default. Therefore, Defendants' motion to set aside the clerk's default is **GRANTED**.

---

[2] Plaintiff filed this case on September 6, 2017. [D.E. 1].

4

As for Plaintiff's request that TTC be ordered to file an answer to Plaintiff's complaint, Plaintiff has not adequately demonstrated that TTC is a legal entity that can be sued. By Plaintiff's own allegations, she alleges that TTC is a *subdivision* of Toyota. Yet, a subdivision of a corporation is not a separate legal entity – meaning it cannot be sued as a matter of law. *See, e.g.*, *Montoya v. PNC Bank, N.A.*, 2014 WL 4248208, at *4 (S.D. Fla. Aug. 27, 2014) ("PNC Mortgage must be dismissed from this case because it is not an entity that legally exists. It therefore cannot be sued.") (citing *W. Beef Inc.,* 611 F.2d at 591)); *see also Stotter & Co. v. Amstar Corp.,* 579 F.2d 13, 18 (3d Cir. 1978) ("A division of a corporation is not a separate entity but is the corporation itself."). Because Plaintiff has failed to demonstrate at this preliminary stage that TTC is a legal entity that can be sued, we have no basis to find that TTC should be ordered to file an answer to Plaintiff's complaint. TTC shall respond in accordance with the Federal Rules of Civil Procedure.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendants' motion to set aside the clerk's default is **GRANTED**. [D.E. 23].[3]

---

[3] This entire dispute could have been avoided if the parties had conferred in good faith before Plaintiff filed her motion for default judgment. It appears that defense counsel attempted to provide the necessary information on why TTC is not a proper party in this action. Yet, Plaintiff appears to have acted hastily in filing a motion for default judgment before receiving the pertinent information.

5

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January, 2018.

>	/s/ *Edwin G. Torres*
>	EDWIN G. TORRES
>	United States Magistrate Judge